IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RONDA BRADSTREET,

    Plaintiff,

vs.

JOSEPH ROBERTSON,

    Defendant.

Case No. 13-cv-673-JPG-DGW

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Joseph Robertson's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted (Doc. 6). Plaintiff Ronda Bradstreet has filed her response (Doc. 11). For the following reasons, the Court denies Defendant's motion.

1. **Background**

Taking Plaintiff's allegations as true, the following are the relevant facts. On May 11, 2011, Plaintiff and Defendant were involved in an automobile accident. Plaintiff was a passenger in a vehicle stopped at a red light in the right turn lane at an intersection. The vehicle operated by Defendant approached the intersection and rear-ended Plaintiff's vehicle. Plaintiff alleges, among other things, that Defendant operated his vehicle in a careless manner, traveled at an excessive rate of speed, failed to keep a lookout, failed to keep his vehicle under control, disregarded an official traffic control device, and exceeded the posted speed limits. On May 3, 2013, Plaintiff originally filed her complaint in the Circuit Court of the Twentieth Judicial Circuit in St. Clair County, Illinois (Doc. 2-1). Plaintiff's complaint consists of two causes of action: (1) Count One – Negligence, and (2) Count Two – "Willful and Wanton." On July 17,

2013, Defendant removed the case on diversity grounds (Doc. 2).  Defendant's instant motion to dismiss Count Two of Plaintiff's complaint argues that Plaintiff failed to sufficiently plead a willful and wanton conduct claim.

 2. **Analysis**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level.  *Bell Atl.*, 550 U.S. at 555;  *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009);  *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Bell Atl.*, 550 U.S. at 556).

In *Bell Atlantic*, the Supreme Court rejected the more expansive interpretation of Rule 8(a)(2) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  *Bell Atlantic*, 550 U.S. at 561–63;  *Concentra Health Servs.*, 496 F.3d at 777.  Now "it is not enough for a complaint to avoid foreclosing possible bases for relief;  it must actually suggest that the plaintiff has a right

to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555).

Nevertheless, *Bell Atlantic* did not do away with the liberal federal notice pleading standard. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). A complaint still need not contain detailed factual allegations, *Bell Atl.*, 550 U.S. at 555, and it remains true that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original). Nevertheless, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*, 550 U.S. at 555. If the factual detail of a complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," it is subject to dismissal. *Airborne Beepers*, 499 F.3d at 667.

Defendant moves to dismiss Count Two of Plaintiff's complaint for failure to state a claim on which relief can be granted. In Robertson's motion to dismiss, he relies on an Illinois Supreme Court case which held that "[t]o sufficiently plead willful and wanton misconduct, a plaintiff must allege either a deliberate intention to harm or an utter indifference to or conscious disregard for the welfare of the plaintiff." *Adkins v. Sarah Bush Lincoln Health Ctr.*, 544 N.E.2d 733, 743 (Ill. 1989) (citing *O'Brien v. Twp. High Sch. Dist.*, 415 N.E.2d 1015 (Ill. 1980)). In *Adkins*, the court addressed whether the plaintiff's complaint met Illinois fact pleading standards, not the notice pleading standards required by the Federal Rules. *Adkins*, 544 N.E.2d at 743.

In a diversity case, state law applies to the issues of substantive law, while federal law is to be applied to all issues of a procedural nature. *Hanna v. Plumer*, 380 U.S. 460, 465, 85 S. Ct.

1136, 1141, 14 L. Ed. 2d 8 (1965). Federal rules govern the filing and content of the complaint in a diversity case. *Mayer v. Gary Partners and Co., Ltd.*, 29 F.3d 330, 334 (7th Cir. 1994). Therefore, federal procedural rules will dictate the pleading standards which Plaintiff's complaint must satisfy. While in an Illinois state court, a complaint for willful and wanton conduct must allege that the defendant intentionally harmed the plaintiff, acted with utter indifference to, or consciously disregarded the plaintiff's safety, this is not required in a federal district court complaint. *Bahrenburg v. AT&T Broadband LLC*, 425 F. Supp. 2d 912, 915 (N.D. Ill. 2006).

>Count Two of Plaintiff's complaint alleges the following:
>
>>"At said time and place, Defendant willfully and wantonly committed one or more of the following acts or omissions, which thereby proximately caused injuries and damages to Plaintiff:
>>
>>a. failed to keep proper lookout;
>>b. failed to observe vehicles on the roadway, which were clearly visible and should have been observed;
>>c. disregarded an official traffic control device, 625 ILCS 5/11-305;
>>d. exceeded the posted speed limits;
>>e. failed to use every precaution to avoid a collision;
>>f. failed to maneuver his vehicle so as to avoid the collision, although he saw or should have seen that collision was impending;
>>g. was otherwise willful and wanton."

(Doc. 2-1, pg. 3). Plaintiff Bradstreet's complaint is not "so sketchy" that it fails to provide notice to Robertson as to the claim against him, but rather Plaintiff has provided sufficient detail to give Defendant fair notice that she is making a willful and wanton claim against Defendant and the grounds upon which her claim rests. Plaintiff's complaint gives Defendant notice of the type of claim, the date on which it allegedly occurred, and a list of Defendants' actions as a basis for Plaintiff's claims. It is not necessary at this point that Plaintiff set out evidence showing

Defendant's mental state at the time of the accident.   Plaintiff's complaint meets the less stringent notice pleading requirements as set forth in the Federal Rules of Civil Procedure.

Accordingly, the Court finds that Plaintiff has sufficiently pleaded her claim against Defendant for willful and wanton conduct.

### 3. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's motion to dismiss Count Two (Doc. 6).

**IT IS SO ORDERED.**

**DATED:**  October 8, 2013

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT COURT**
